5L 405
1pi 412
3pi 89

W. A. HOWELL, Adm'r, *v.* MADISON HALE & WIFE *et al.*

and

VALENTINE IRVINE & WIFE *v.* MADISON HALE & WIFE.

1. ESTOPPEL. *Married Woman.* A married woman is estopped to deny the consideration for the execution of a mortgage on her separate estate, as against an assignee whom she induced to purchase the mortgaged debt.

2. MARRIED WOMAN. *Judgment against not void.* A judgment against a married woman is not void, if erroneous because based upon a contract which she is incompetent to make or for any other reason, it is still binding on her until set aside upon appeal or some other appropriate method, and if such judgment be not reversed on writ of error

or by appeal, its effect cannot be gainsaid, and a judgment against husband and wife may be satisfied out of the property of either, unless the wife's property be exempt under the instrument under which she holds or her power of disposition is restrained.

FROM JEFFERSON.

Appeal from the Chancery Court at Dandridge. H. C. SMITH, Ch.

O. C. KING for complainant.

J. C. HODGES for defendant.

DEADERICK, C. J., delivered the opinion of the court.

In 1872, Hale and Wife, to secure Jas. P. Swann and other lawyers, certain fees charged by them for services rendered in defending the wife's title to three tracts of land in Jefferson county, executed a mortgage or deed of trust thereon, which was duly acknowledged, certified and registered. The mortgagees, insisting upon payment and threatening to foreclose their mortgage, Hale and wife procured intestate Thornhill to advance the money and take an assignment of the notes and mortgage from the original mortgagees.

In June, 1875, Thornhill filed his bill to foreclose the mortgage or deed of trust. Hale and wife answered, admitting the execution of the mortgage or trust deed, and that the debts secured had not been paid, and charge that complainant was seeking to possess himself of the property for an inadequate consideration, resorting to devices to prevent a sale, which

defendants were endeavoring to effect; and that com-' plainant had bought up the secured debts without their solicitation. They deny the allegation in complainant's bill, that he had been compelled to pay taxes on the lands, and that for this and for his trouble and extra interest he had to pay for money to purchase of the mortgagees, that defendants agreed to repay him. They say that he is attempting to defraud them, under the pretext of friendship. They admit that the secured debts were created in defending the title to the land conveyed in trust. That complainant had defeated the sale of the land by misrepresentation of its qual- ity and the state of the title, with the fraudulent intent of ultimately purchasing it at an inadequate price, etc.

Subsequently Mrs. Hale obtained leave to file a separate answer, in which she denied any indebtedness to the mortgagees, and charged that they had taken the notes of Madison Hale, her husband, for the same, which extinguished any equity they might have had against her separate estate. She claims that the lands were her own absolute property before marriage, and her husband had no title thereto, and these facts were well known to said mortgagees and to Thornhill, and that she received no consideration for the execution of said mortgage or trust deed; and that she for a long time refused to sign it, and did not sign it freely and voluntarily, but was induced to do so by the importunities of those whom she considered her best friends, in order to prevent the sale and sacrifice of the land; and she insists a deed so executed, without

consideration, is void; and that it was fraudulently represented to her that her husband's creditors had a lien upon the land; and she prays said deed may be declared null and void.

In the progress of the cause Thornhill died, and the cause was revived in the name of complainant Howell, as his administrator.

Mrs. Hale's answer was filed as a cross-bill, and was answered by the administrator of Thornhill, in which he denied the imputation of fraud and bad faith cast upon his intestate, and insists that he bought the notes and took the assignment of the mortgage upon the repeated and persistent persuasion of Hale and wife and for the sole purpose of benefitting them and preventing a threatened sale of the property.

Irvine and wife had obtained a judgment at law against Hale and wife, upon which they had execution issued, but learning that the legal title had been conveyed in trust, they abandoned their suit at law and filed their bill, praying to have the sale of the land and the proceeds, or surplus after satisfying Thornhill's claim, applied to the payment of their judgment at law.

Hale and wife answer this bill jointly, and admit they borrowed $180 of complainants, for which they executed their joint note, but Mrs. Hale pleads that she was a married woman and her execution thereof by her was a nullity. They also admit the rendition of a judgment on said note, and issuance and levy of an execution on said land, and Mrs. Hale insists this was a nullity as to her.

Upon the evidence adduced, the chancellor decreed that Thornhill's administrator was entitled to have the lands conveyed in said deed of trust subjected to the payment of the notes secured, upon the ground that Thornhill had purchased the same at the urgent request of said Hale and wife, and upon the promise and agreement that said deed should be a security for the same. He also held that Irvine and wife were entitled to satisfaction of their judgment out of said real estate to the extent that the money borrowed had been applied to pay taxes on said land, and repairs and supplies for the same, and no further. Hale and wife and Irvine and wife appealed.

The record shows satisfactorily that Mrs. Hale, who seems to have had energy and business tact, did by writing and in frequent personal interviews, solicit Thornhill to buy in the claims secured on her land and the mortgage, and hold the same or take a new one for his indemnity, and that he finally acceded to her request, and there is nothing to warrant the charge that he was seeking any advantage to himself, or that he was actuated by any other motive than a desire to serve Hale and wife, and at the same time save himself from ultimate pecuniary loss. There is no doubt Mrs. Hale requested him to do this for her benefit and accommodation, and just as little that she assured him the land would and should stand liable to indemnify him.

Whether in the hands of the original mortgagees, the deed could have been enforced in their favor, yet under the facts described in the record, Mrs. Hale is

estopped to deny considerations for the execution of the mortgage as against the assignee, whom she induced to purchase it.     1 Jones on Mort., sec. 616; 2 Wash. on Rl. P., 48;   1 Jones on Mort., sec. 631, and note 3.

It would be inequitable to allow her, who was chiefly instrumental in inducing Thornhill to purchase the security, to escape liability thereon, this being its only value, and to which Thornhill was induced to trust by her assurance and representations.     He gave the face value for the several notes secured, and to this extent, with the interest thereon at six per cent. and amount of taxes paid on said land, the mortgage shall be held a valid security.

Irvine and wife have recovered a judgment at law against Hale and wife, from which they did not appeal.     It is still in full force against each of them. In Freeman on Judgments, secs. 149–50, after citing and commenting on cases sustaining, in effect, the doctrine that a married woman may avail herself of the defense of coverture, after judgment, as fully as before, concludes that the preponderance of authority is, that a judgment against a married woman is not void; and that when erroneous because based upon a contract which she is imcompetent to make, or for any other reason, it is still binding upon her until set aside upon appeal, or by some other appropriate method, and if such judgment be not reversed on writ of error or by appeal, its effect cannot be gainsaid.     "And a judgment against a husband and wife may be satisfied out of the property of either."     *Ibid,* sec. 150.     We

qualify this by saying, unless the wife's property be exempt by the instrument under which she holds, or her power of disposition be restrained.

Irvine and wife are, therefore, entitled to have satisfaction of their judgment out of the land of Mrs. Hale, the Thornhill claims being entitled to priority of satisfaction.

The chancellor's decree will be accordingly modified as indicated in this opinion.

The four per cent. interest on the money borrowed by Thornhill to purchase said mortgage debts, and compensation for his trouble in procuring said claims will not be allowed.

The cause will be remanded to the chancery court to take an account and for final decree thereon, and for such orders and decrees as may be necessary to finally adjust the rights and equities of the parties. The costs of this court will be paid by Hale and wife.